SUMMARY ORDER
Plaintiff-Appellant Woodrow Flemming (“Flemming”) appeals from the judgment of the United States District Court for the Western District of New York (Larimer, J.), which, inter alia, dismissed Flem-ming’s pro se complaint without leave to amend. In an order issued November 19, 2007, this Court dismissed Flemming’s ap *71 peal in part, appointed counsel for Flem-ming, and directed the parties “to brief the issue of whether the district court erred when it refused to allow Appellant to amend his complaint to add” claims that he was denied due process of law when he was placed in a Special Housing Unit and retaliated against for filing lawsuits and other complaints. We assume the parties’ familiarity with the facts, procedural history, and scope of the issues presented on appeal.
We review a district court’s decision to dismiss a complaint without allowing leave to amend for an abuse of discretion. Dougherty v. Town of North Hempstead Bd. of Zoning Appeals, 282 F.3d 83, 87 (2d Cir.2002). Similarly, we review a district court’s decision to dismiss claims as dupli-cative of claims in another lawsuit for abuse of discretion. Curtis v. Citibank, N.A., 226 F.3d 133, 138 (2d Cir.2000).
I.
Flemming’s proposed due process and retaliation claims are not, as Defendants assert, duplicative as to all Defendants of claims in other suits filed by Flemming. Defendants identify four other suits Flemming has filed in which Defendants contend “Flemming has made substantially the same claims.... ” Dismissal of duplicative actions, however, is not appropriate for claims that bear only a “rough resemblance” between each other. Curtis, 226 F.3d at 136. None of these supposedly duplicative actions names Wurzberger, Kemp, or Tichenor as defendants, and so none of the proposed claims—against these Defendants—are legally duplicative of claims in any prior suit. See id. at 139 (“[S]imple dismissal of the second suit is another common disposition because plaintiffs have no right to maintain two actions in the same court, against the same defendant at the same time.” (emphasis added)).
II.
Nor did the District Court identify a valid reason for refusing to permit Flem-ming to amend his complaint at least once to add the due process and retaliation claims. Leave to amend a complaint shall be freely given. Fed.R.Civ.P. 15(a). “This relaxed standard applies with particular force to pro se litigants,” whose complaints must be read liberally. Pangburn v. Culbertson, 200 F.3d 65, 70 (2d Cir.1999). Thus, a pro se complaint “should not be dismissed without granting leave to amend at least once when [a liberal] reading gives any indication that a valid claim might be stated.” Id. (internal quotation marks omitted).
Flemming made his desire and willingness to amend his complaint abundantly clear. He included the proposed due process and retaliation claims in his amended August 2005 complaint, and requested relief for these claims again in his summary judgment motion. As a pro se plaintiff, this was more than sufficient to indicate a desire to amend the complaint, and the District Court’s denial of leave to amend based on a lack of motion to amend was in error. See McLaughlin v. Anderson, 962 F.2d 187, 195 (2d Cir.1992).
Moreover, Flemming’s due process and retaliation claims should not have been dismissed as vague or conclusory. These claims were supported by uncontradicted allegations, which indicated that Flemming may be able to state a valid claim. With respect to his proposed due process claim, Flemming has alleged sufficient facts regarding the nature of his confinement and the process he received to survive a motion to dismiss on this issue. With respect to his proposed retaliation claim, Flemming has alleged that his transfer from the Walsh Regional Medical Unit (“WRMU”) to Upstate Correctional Facility (“Upstate”) was in retribution for his filing lawsuits against various officials at *72 WRMU, and that Defendants transferred him to Upstate, with its limited medical facilities, in order to cause him serious harm. Although courts approach prisoner retaliation claims with skepticism and care, Davis v. Goord, 320 F.3d 346, 352 (2d Cir.2003), Flemming has advanced a potentially valid First Amendment retaliation claim and alleged sufficient facts supporting this claim to survive a motion to dismiss. Denial of leave to amend the complaint on grounds of futility was therefore in error.
Accordingly, the portion of the judgment of the District Court dismissing Flem-ming’s due process and retaliation claims with respect to Defendants Wurzberger, Kemp, and Tichenor is VACATED and REMANDED with directions to enter judgment dismissing these claims without prejudice to the filing of an amended complaint asserting the due process and retaliation claims against these Defendants.[2]

. We believe that, in view of the complicated nature of this case, appointment of counsel might be desirable. The matter is, of course, for the District Court to decide. We do note that previously appointed counsel has done a particularly good job in this case. If that counsel is willing to continue on the case, such an appointment would be particularly appropriate.